FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 25 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LISA MILLER,

                              Plaintiff,

– against –

COSTCO WHOLESALE CORPORATION,
BRIAN HLUCY,

                              Defendants.

**ORDER ON MOTION TO REMAND AND JURY REQUEST**

18-CV-5069

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Motion to Remand

Plaintiff sued Defendants in New York State court for injuries resulting from a vehicle collision. *See* Notice Removal Ex. A, ¶¶ 20–28, ECF No. 1-1 ("Compl."). Defendants removed the case to federal court on the basis of diversity jurisdiction. Notice Removal, Aug. 30, 2018, ECF No. 1. Plaintiff has moved to remand the case to state court because "[P]laintiff has not served the defendants with a paper that explicitly specifies the amount of monetary damages sought." Pl. Lisa Miller's Mem. L. Supp. Mot. Remand State Ct. 1, Jan. 18, 2019, ECF No. 16. And, she argues, it is not a "legal certainty" that Plaintiff's claims will involve more than $75,000. Pl.'s Affirmation Reply Def.'s Opp. 1–2, Mar. 15, 2019, ECF No. 21. A hearing was conducted on March 21, 2019.

A civil action brought initially in state court is properly removed when the parties are completely diverse and there is a "reasonable probability" that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441(a); *id.* § 1332(a); *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 814 n.5 (2d Cir. 2014). A plaintiff is not required to have served a document explicitly specifying damages for a matter to be removable to federal court. *Moltner v.*



1

*Starbucks Coffee Company*, on which Plaintiff relies for the contention that a paper explicitly specifying damages is *required* for removal, holds only that such a paper triggers the time period during which removal is allowed. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37–38 (2d Cir. 2010).

In the absence of a damages demand in the complaint, the district court "may refer to evidence outside the pleadings." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[C]ourts faced with amount-in-controversy disputes have considered the following non-exhaustive set of factors: whether the plaintiff sought to amend the amount-incontroversy [sic] or otherwise stipulate to a minimum or maximum amount; whether plaintiff represented that damages exceed $75,000; whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions; and evidence of forum- or judge-shopping." *Bercy v. Am. Airlines, Inc.*, No. 09 CV 1750 ALC, 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011). The instant complaint does not include a damages demand because it is prohibited by New York State law. *See* N.Y. C.P.L.R. § 3017(c).

Alleged is that Plaintiff has sustained "severe and serious personal injuries requiring medical care, treatment and attention, which has incapacitated her from her usual duties and daily activities." Compl. ¶ 26. For these injuries, she has undergone shoulder surgery and has medical bills in excess of $25,000. *See* Defs' Mem. L. Opp. Mot. Remand 4, Mar. 1, 2019, ECF No. 18 ("Defs' Opp."). In cases with similar injuries, juries have awarded more than $75,000. *See, e.g.*, Verdict & Settlement Summary, *Faldamis v. Daniel Transport et al.*, No. 05-cv-214, 2008 WL 2421934 (awarding $125,000 to the victim of vehicle collision who underwent shoulder surgery). Plaintiff has declined, more than once, to stipulate that damages are capped at $75,000. *See* Notice Removal ¶ 6; Defs' Opp. at 4.

The motion to remand is denied. There is a reasonable probability that the amount which will be gained by Plaintiff if she succeeds will far exceed $75,000. The amount-in-controversy requirement for federal diversity jurisdiction is met.

The case is respectfully referred to the magistrate judge for expedited discovery and to attempt to settle the dispute.

## II. Jury Request

During the March 21, 2019 hearing, Plaintiff made an oral request for a jury trial. The request is granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 21, 2019
Brooklyn, New York